# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

**VERSA PRO GROUP, LLC,**

     Plaintiff

Case No.:   2:18-CV-13120-AJT-DRG
Hon. Arthur J. Tarnow

v.

**LINTECH GLOBAL, INC.,**

     Defendant.

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following protective order governing discovery between Plaintiff Versa Pro Group, LLC ("Versapro") and Defendant Lintech Global, Inc. ("Lintech").

1.    **Confidential Information** – Any document[1] or thing that a party reasonably and in good faith believes to contain confidential information that is not publicly available (such as confidential research and development, commercial, or

---

[1] Throughout this protective order, "document" includes any written, printed, typed, stored, photographed, recorded or otherwise reproduced Communication, compilation or reproduction including computer or electronically generated or stored information or data, and specifically includes all forms of electronic data. In this definition of "document", the term "Communication" means any oral, written or electronic transmittal of information or request for information made from one Person to another Person, whether made in Person, electronically, by telephone or by any other means and includes any document(s) made for the purpose of recording a Communication.

1

other sensitive information) may be produced by that party with the clear and obvious designation "CONFIDENTIAL."

    2.    **Non-Disclosure of Confidential Information** – Subject to section 12 below, any document or thing designated as "CONFIDENTIAL" may only be used to prosecute or defend the above-captioned lawsuit ("this Action") and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

    a.    The named parties in this case, their attorneys, and their support staff (e.g., copying and document management personnel).

    b.    Vendors retained by the named parties' attorneys including litigation support services and the following categories of persons: independent legal translators retained to translate in connection with this lawsuit; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this lawsuit; graphics, translation, or design services retained by the named parties' attorneys for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this lawsuit; and non–technical jury or trial consulting services (expressly excluding mock jurors).

  c. Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

  d. This Court and its staff members.

  e. Mediators or case facilitators appointed by this Court and/or agreed to by the parties.

3. **Highly Confidential Information – Attorney's Eyes Only** – Any document or thing that a party in good faith believes to contain highly confidential information that is not publicly available (confidential information that is especially sensitive and could cause significant competitive harm if disclosed to an unauthorized person, such as a trade secret, highly confidential research and development information related to the producing party's products, commercial, or other highly sensitive information, license agreements or other highly confidential technical, research and development, or financial information) may be produced by that party with the clear and obvious designation "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

4. **Non-Disclosure of Highly Confidential Information** – Any document or thing designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" may only be used to prosecute or defend this Action and shall not

be disclosed to (nor the content discussed with) anyone other than the following persons:

    a. Outside attorneys of record in this lawsuit and their support staff (e.g., copying and document management personnel)

    b. Vendors retained by outside attorneys of record including litigation support services and the following categories of persons: independent legal translators retained to translate in connection with this lawsuit; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this lawsuit; graphics, translation, or design services retained by outside attorneys of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this lawsuit; and non–technical jury or trial consulting services (expressly excluding mock jurors).

    c. Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

    d. This Court and its staff members.

  e. Mediators or case facilitators appointed by this Court and/or agreed to by the parties.

5. **Deposition Testimony** – Any portions of requested testimony, a transcript and/or a brief may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if the party or attorney making the designation reasonably and in good faith believes it will reveal a highly sensitive information as discussed in section 3 above.

6. **Motion Practice** – All documents, testimony, and information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" that are submitted to the Court Clerk as part of a motion or other paper shall be filed pursuant to Local Rule 5.3. A redacted copy of the motion or paper may be filed with the Court Clerk through the Court's electronic filing system and an unredacted copy of the motion or paper may be filed under seal.

An unsealed or unredacted copy of the confidential document, testimony, or information may be used for the judge's courtesy copy of the motion, but each page containing confidential information shall be marked in such a way that it clearly notifies the Court that the page contains confidential information that was filed pursuant to Local Rule 5.3. The judge's courtesy copy of the motion shall be sent directly to the Judge's chambers and not filed with the Court Clerk.

7. **Discovery from Third Parties** – This Protective Order may apply to discovery sought from persons or companies who are not parties to this lawsuit, as long as that non-party agrees in writing to be bound by the terms of this Protective Order. Third parties may designate information produced under the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designations.

8. **Challenging "Confidential" or "Highly Confidential"** – The acceptance by a party of documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall not constitute an agreement, admission or concession, or permit an inference, that the material(s) are in fact properly the subject for protection under Fed. R. Civ. P.26 (c), or some other basis. Any party that wishes to challenge the designation of any document, thing, or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court. The designating party shall have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

9. **Trial Testimony** – This Protective Order shall govern proceedings at trial.

10. **Termination of Lawsuit** – Within thirty (30) days after final disposition of this action, including any appeals, all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," and all copies thereof, shall either be returned to the party that produced them, or they may be destroyed with permission of the party that produced them. This provision shall not apply to documents and things the Court determines are not confidential. Outside litigation counsel for each party may keep a copy of all pleadings and other documents filed with the Court for their files.

11. **Inadvertent Production of Privileged Material** – Any inadvertent production of privilege or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.). However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 days.

12. **Arbitration Discovery.** Versapro has been involved in an arbitration in the American Arbitration Association, In re Arbitration between: VersaPro Group, LLC and Seascape Consulting, Inc., Case No. 01-18-0002-5286 ("the Arbitration"). A Protective Order or Confidentially Agreement will be entered in

the Arbitration. The parties herein agree that all documents produced and testimony taken in that Arbitration shall be treated as though they have been produced and taken in this litigation under the following conditions: (a) documents and testimony which were designated by a party as Confidential in the Arbitration shall be treated in this action as if they have been designated as "CONFIDENTIAL" in this action; and (b) documents and testimony which were designated by a party as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in the Arbitration shall be treated in this action as if they have been designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in this action.

Likewise, the parties herein agree that all documents produced and testimony taken in this litigation shall be treated as though they have been produced and taken in the Arbitration under the following conditions: (a) documents and testimony which were designated by a party as "CONFIDENTIAL" in this litigation shall be treated in this action as if they have been designated as "CONFIDENTIAL" in the Arbitration; and (b) documents and testimony which were designated by a party as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in this litigation shall be treated in the Arbitration as if they have been designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in the Arbitration.

Respectfully submitted,

| | |
|---|---|
| By: /s/Brian B. Brown<br>Brian B. Brown (P62733)<br>Steven Susser (P52940)<br>Brian S. Tobin (P67621)<br>CARLSON, GASKEY & OLDS, P.C.<br>400 W. Maple, Suite 350<br>Birmingham, Michigan 48009<br>Telephone: (248) 988-8360<br>Facsimile: (248) 988-8363<br>bbrown@cgolaw.com<br>ssusser@cgolaw.com<br><br>*Counsel for Plaintiff* | By: /s/James J. Boutrous, II<br>James J. Boutrous II (P53710)<br>Mark W. Steiner (P78817)<br>MCDONALD HOPKINS PLC<br>39533 Woodward Ave., Suite 318<br>Telephone: (248) 646-5070<br>jboutrous@mcdonaldhopkins.com<br>msteiner@mcdonaldhopkins.com<br><br>*Counsel for Defendant* |

**SO ORDERED.**


Dated: January 3, 2019          s/Arthur J. Tarnow
                                The Honorable Arthur J. Tarnow
                                United States District Court Judge

9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

**VERSA PRO GROUP, LLC,**

    Plaintiff

Case No.:   2:18-CV-13120-AJT-DRG
Hon. Arthur J. Tarnow

v.

**LINTECH GLOBAL, INC.,**

    Defendant.

_____

**EXHIBIT A – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare as follows:

1. I have read the Protective Order in the above captioned case and agree to abide by the terms of the Protective Order with respect to documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY.".

2. I promise that I will only use the documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" that are given to me for purposes of this lawsuit.

3. I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL" or "HIGHLY

    CONFIDENTIAL – ATTORNEY'S EYES ONLY" with anyone except as permitted in the Protective Order.

4.  I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Protective Order.

5.  I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Date: _____

     _____
             [Signature]

## CERTIFICATE OF SERVICE

      I certify that on January 3, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

                                    CARLSON, GASKEY & OLDS, P.C.

Dated: January 3, 2019             By:  /s/ Brian B. Brown
                                            Brian B. Brown (P62733)
                                            400 W. Maple, Suite 350
                                            Birmingham, MI 48009
                                            Phone: (248) 988-8360
                                            Fax: (248) 988-8363
                                            bbrown@cgolaw.com